[No. D009051. Fourth Dist., Div. One. Apr. 3, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD KENWAY, Defendant and Appellant.

442

**COUNSEL**

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**TODD, J.**—Following denial of a motion to suppress evidence (Pen. Code,[1] § 1538.5), Richard Kenway entered a negotiated plea of guilty to grand theft (§ 487.1). The court suspended imposition of sentence and placed him on three years' probation including a condition he serve one hundred eighty days in custody. Kenway appeals.

On March 9, 1988, at approximately 6 a.m., City of Westmoreland Police Officer William A. Hays stopped Kenway because he was driving a tractor and semitrailers with the right two taillights of the second trailer burned out and the marker clearance lights of the truck broken and showing white to the rear. The officer noticed the trailer contained baled hay. He asked Kenway for a driver's license, registration, and load order for the hay. Kenway had no order. Hays asked him where he had weighed. Kenway did not provide satisfactory answers and the officer contacted the Imperial County sheriff's office. A deputy arrived and arrested Kenway.

Officer Hays asked Kenway to see a hay pickup order because of a recently adopted county ordinance. Imperial County Ordinance section 62602 provides: "The Board of Supervisors intends to establish a means of identifying the owner of each 'haystack' and of ascertaining the legality of hayloading operations as to provide a means for controlling the alarming incidence of thefts of baled hay within the County."

Section 62606 provides: "The truck driver conveying the hay shall retain his copy of each pickup order and attach it to the 'weighmaster certificate' relating to the particular load for which the pick up order was issued. Pick up orders retained hereunder shall be subject to review by Sheriff or Director of Weights and Measures upon request."

Kenway contends the trial court erred in denying his motion to suppress. He argues the officer's inquiry into the pickup order was unlawful and all evidence which is a fruit of that inquiry should be suppressed. He also argues statements he made after the request should be suppressed since he was interrogated absent a *Miranda* warning.[2]

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
[2] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

The parties agree Officer Hays lawfully stopped and detained Kenway for a traffic violation. ■■■ Kenway argues after stopping him, the officer deprived him of his Fourth Amendment right to be free of unreasonable search and seizure by asking to see his hay pickup order. He agrees the officer lawfully could request to see his driver's license and vehicle registration (see *Delaware* v. *Prouse* (1979) 440 U.S. 648, 659 [59 L.Ed.2d 660, 671, 99 S.Ct. 1391]; *People* v. *McGaughran* (1979) 25 Cal.3d 577, 584 [159 Cal.Rptr. 191, 601 P,2d 207]). However, relying primarily upon *Delaware* v. *Prouse*, he argues the officer's request to see a pickup order converted the lawful detention into a general search in violation of the Fourth Amendment.

In *Delaware* v. *Prouse*, the United States Supreme Court held generally an officer cannot detain a motorist and request to see his driver's license and registration absent an articulable suspicion the motorist is involved in crime. The court said: "The 'grave danger' of abuse of discretion, *United States* v. *Martinez-Fuerte*, 428 U.S., at 559, does not disappear simply because the automobile is subject to state regulation resulting in numerous instances of police-citizen contact, *Cady* v. *Dombrowski*, 413 U.S. 433, 441 (1973). Only last Term we pointed out that 'if the government intrudes . . . the privacy interest suffers whether the government's motivation is to investigate violations of criminal laws or breaches of other statutory or regulatory standards.' *Marshall* v. *Barlow's, Inc.*, 436 U.S., at 312-313. There are certain 'relatively unique circumstances,' *id.*, at 313, in which consent to regulatory restrictions is presumptively concurrent with participation in the regulated enterprise. See *United States* v. *Biswell*, 406 U.S. 311 (1972) (federal regulation of firearms); *Colonnade Catering Corp.* v. *United States*, 397 U.S. 72 (1970) (federal regulation of liquor). Otherwise, regulatory inspections unaccompanied by any quantum of individualized, articulable suspicion must be undertaken pursuant to previously specified 'neutral criteria.' *Marshall* v. *Barlow's, Inc., supra*, at 323."[3] (*Delaware* v. *Prouse, supra*, 440 U.S. at p. 662 [59 L.Ed.2d at pp. 672-673].)

As indicated, the court in *Prouse* recognized an officer may request to see a driver's license and vehicle registration when the officer lawfully detains the driver for a traffic violation. We see no reason to distinguish inspection of a hay pickup order from inspection of a registration. Random stops to inspect hay pickup orders are prohibited, as are random stops to inspect driver's licenses and vehicle registrations. (*Delaware* v. *Prouse, supra*, 440 U.S. at p. 663 [59 L.Ed.2d at pp. 673-674].) However, when an officer lawfully stops a truck carrying hay for a traffic violation, the officer may

---

[3] In *Marshall* v. *Barlow's, Inc.* (1978) 436 U.S. 307 [56 L.Ed.2d 305, 98 S.Ct. 1816], the Supreme Court held the agency enforcing the Occupational Safety and Health Act is precluded by the Fourth Amendment from making warrantless searches of working sites.

request the driver's license and vehicle registration pursuant to state law (Veh. Code, §§ 12951 and 4462, subd. (a)) and the driver's hay pickup order pursuant to Imperial County ordinance.

We requested the parties to brief the applicability of *New York* v. *Burger* (1987) 482 U.S. 691 [96 L.Ed.2d 601, 107 S.Ct. 2636], to the facts here. In *Burger*, auto theft investigators searched a junk yard for stolen vehicles and parts pursuant to New York regulatory authorization. The Supreme Court upheld the search because the auto dismantling business is pervasively regulated, there is a substantial government interest in regulating it, the warrantless search was necessary to further the governmental interest and the inspection program provided a constitutionally adequate substitute for a warrant (person searched is advised search is being made pursuant to the law and discretion of searcher is limited). (*Id.* at pp. 702-703.) In *Burger*, the court noted some individuals have a reduced expectation of privacy because of the circumstances, for example, engaging in a closely regulated business or presence at school. (*Id.* at pp. 700-703 [96 L.Ed.2d at pp. 612-615], citing *O'Connor* v. *Ortega* (1987) 480 U.S. 709, 741 [94 L.Ed.2d 714, 738-739, 107 S.Ct. 1492] (dis. opn. of Blackmun, J.); *New Jersey* v. *T.L.O.* (1985) 469 U.S. 325, 353 [83 L.Ed.2d 720, 742, 105 S.Ct. 733].)

There is an obvious governmental interest in reducing hay theft. Inspecting load orders is necessary to carry out this purpose because it is not possible to obtain a warrant on every truck carrying hay. Allowing an officer to request to see a driver's load order for hay is limited in scope and limits the officer's discretion. The question is whether by engaging in the business of hay transportation, a driver has reduced his expectation of privacy, justifying a request to see a load order when lawfully detained.

■ The courts have long recognized the extent of intrusion into the right to be free of unreasonable search and seizure depends on the scope of the intrusion. An officer can lawfully detain a citizen if he has a suspicion of involvement in crime based on articuable facts (*United States* v. *Mendenhall* (1980) 446 U.S. 544, 554 [64 L.Ed.2d 497, 509, 100 S.Ct. 1870]) but can only arrest a suspect if he has probable cause to believe the person has committed a crime. (*Draper* v. *United States* (1959) 358 U.S. 307, 313 [3 L.Ed.2d 327, 332, 79 S.Ct. 329].) ■ When a truck driver is lawfully detained for an unrelated purpose, an officer's request to see his load order for hay is a very minimal intrusion into the driver's privacy. While transportation of hay is less regulated than the alcohol or firearm industry,[4] in light of the theft problem in the Imperial Valley, it is sufficiently regulated

---

[4]See Vehicle Code sections 30800, 30801; California Code of Regulations, title 13, section 1310 et seq.; see also Penal Code section 385; Health and Safety Code section 13005.

to justify this minimal intrusion. By driving a truck carrying hay, Kenway had a reduced expectation of privacy allowing this minimal intrusion. Unlike in *New York* v. *Burger,* the defendant here was not subject to a search. He was merely asked for his load order. Officer Hays did not deny Kenway his Fourth Amendment rights by requesting to see the hay pickup order.

■ Kenway also contends the officers interrogated him after he was in custody and suspected of commission of a crime, without advising him of his *Miranda* rights. In the trial court Kenway argued the statements should be excluded because he had been unlawfully detained. The court denied his motion and we affirm its ruling. This motion was brought pursuant to section 1538.5 and the ruling is reviewable. (*People* v. *Richards* (1977) 72 Cal.App.3d 510, 513 [140 Cal.Rptr. 158].) However, having entered a guilty plea, Kenway is precluded from obtaining review of his motion to exclude statements because he was interrogated before a *Miranda* warning. (See *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].)

The judgment is affirmed.

Kremer, P. J., and Nares, J., concurred.