Filed 11/26/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JUAN CISNEROS-RAMIREZ,<br><br>    Defendant and Appellant. | G055409<br><br>(Super. Ct. No. 15HF0336)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James E. Rogan, Judge.  Affirmed.

Law Office of Stephen J. Mooney and Stephen J. Mooney for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Juan Cisneros-Ramirez's sole contention on appeal is the lower court erred in denying his pretrial motion to suppress statements he claims were obtained

in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*). However, defendant's subsequent unequivocal waiver of his right to appeal precludes our review of his appellate contention. Thus, "[b]ecause we conclude [defendant] waived his right to appeal the denial of the suppression motion, we need not address the merits of his appeal." (*People v. Castrillon* (1991) 227 Cal.App.3d 718, 723, fn. 2 (*Castrillon*).) Moreover, the certificate of probable cause issued in this case does not affect our conclusion since it was legally ineffectual, having certified an issue that is not cognizable following a guilty plea. Consequently, the judgment is affirmed.

## FACTS

Defendant was charged with two counts of oral copulation or sexual penetration of a child 10 years old or younger (Pen. Code, § 288.7, subd. (b); all subsequent statutory references are to the Penal Code), and three counts of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a)). The first two charges are each separately punishable "by imprisonment in the state prison for a term of 15 years to life." (§ 288.7, subd. (b).) If convicted as charged, defendant faced a potential sentence of two consecutive 15-years-to-life indeterminate prison terms, plus additional determinate prison terms for the three child molestation counts.

The matter was sent out for trial to Judge Thomas M. Goethals. In pretrial proceedings, defendant moved to suppress the statements he had made to Orange County Sheriff's deputies following his arrest, alleging they were obtained in violation of *Miranda*. After a full evidentiary hearing, Judge Goethals denied the suppression motion.

Following the denial of the suppression motion, unrelated discovery issues arose, necessitating a trial continuance. As a result, the matter was returned to the master calendar court and eventually sent out for trial before Judge James E. Rogan. The court and the parties discussed the impact, if any, of Judge Goethals's earlier ruling denying the

2

suppression motion, and whether Judge Rogan was free to rehear the motion. However, the issue became moot when defendant and the prosecutor reached a plea bargain.

Defendant agreed to plead guilty to 12 amended counts of commission of a lewd act on a child under the age of 14 (§ 288, subd. (a)) in exchange for the dismissal of the more serious section 288.7 charges. Judge Rogan accepted the parties' plea agreement and sentenced defendant to an agreed-upon determinate term of 30 years in prison.

In pleading guilty, defendant initialed and signed a guilty plea form that included a paragraph stating: "I understand I have the right to appeal from decisions and orders of the Superior Court. I waive and give up my right to appeal from any and all decisions and orders made in my case, including motions to suppress evidence brought pursuant to Penal Code section 1538.5. I waive and give up my right to appeal from my guilty plea."

In addition, defendant initialed a paragraph averring: "I offer my plea of guilty freely and voluntarily, and with full understanding of all matters set forth in the accusatory pleading and this advisement and waiver of rights form." Another paragraph, also initialed by defendant, states: "I understand each and every one of the rights set forth above in this advisement and waiver of rights form. I waive and give up each of those rights in order to enter my guilty plea. . . . I declare under penalty of perjury I have read, understood, and personally initialed each [paragraph of the plea form], and I have discussed them with my attorney."

Defense counsel also signed the guilty plea form, attesting: "I have explained to defendant each of the rights set forth on this form. . . . I also have discussed the contents of this form with defendant. . . . I agree that this form may be received by the court as evidence of defendant's advisement and voluntary, intelligent, knowing, and express waiver of the rights set forth on this form."

3

Finally, Judge Rogan went over the form with defendant in court, advised him of the constitutional rights he was waiving by pleading guilty, made inquiries into whether defendant understood everything in the guilty plea form, whether he had discussed the form and its contents with his attorney, and whether defendant had any questions or concerns.

Despite having waived his appellate rights, six weeks later—represented by a new attorney—defendant filed a notice of appeal and a request for a certificate of probable cause pursuant to section 1237.5.[1] Judge Goethals signed the certificate of probable cause, even though he was not the judge who accepted defendant's guilty plea. The record is silent as to whether defendant asked Judge Rogan for a certificate of probable cause.

In his request for a certificate of probable cause, defendant alleged his *Miranda* suppression motion was erroneously denied and, as a result, he was "forced to plea bargain where additional charge[s] were interlineated and the two life sentence charges dropped resulting in a 30 year prison term." Defendant's section 1237.5 declaration does not mention his appellate waivers.

In his opening brief in this court, defendant challenged Judge Goethals's denial of his suppression motion on the merits, but again did not refer to his appellate waivers. Nor did the Attorney General. Consequently, we invited supplemental briefing from the parties to address whether defendant's appellate waivers affect the current

---

[1] Section 1237.5 provides in pertinent part: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

appeal, and if so, whether Judge Goethals's certificate of probable cause has any additional effect.

In his response, while acknowledging his general appellate waivers, defendant contends the failure to advise him specifically of his section 1237.5 rights during his guilty plea means he did not waive his section 1237.5 appellate rights. Additionally, defendant argues Judge Goethals's certificate of probable cause permits him to appeal the merits of his *Miranda* claim, any waivers notwithstanding. We reject both claims.

We find defendant's appellate waivers were knowing, intelligent and voluntary. In addition, his waivers encompassed not only his general right to appeal "from any and all decisions and orders made in my case," but also his section 1237.5 right to seek a certificate of probable cause to "appeal from my guilty plea."

Furthermore, we find Judge Goethals's apparent acquiescence in defendant's expressed intention to appeal the *Miranda* ruling by issuing a certificate of probable cause cannot confer jurisdiction on the appellate court when the *Miranda* issue proposed to be raised is not cognizable on appeal following a guilty plea. Thus, the certificate of probable cause issued in this matter is without effect.

## DISCUSSION

1. *Defendant's Guilty Plea Waived All of His Appellate Rights*

A criminal defendant's right to appeal a conviction in California is purely statutory, as neither the federal nor the state Constitution provides such right. (*Abney v. United States* (1977) 431 U.S. 651, 656 (*Abney*) ["[I]t is well settled that there is no constitutional right to an appeal"]; *People v. Totari* (2002) 28 Cal.4th 876, 881 (*Totari*) ["'"It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute"'"].) Moreover, by entering a guilty plea, a defendant waives his right to appeal any errors in the pretrial proceedings. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895-896 (*DeVaughn*); cf. *Tollett v. Henderson* (1973)

5

411 U.S. 258, 267 ["When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"].)

Thus, "'[j]ust as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement.' [Citation.] As the Court of Appeal noted in *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1659 . . . 'If a defendant may waive important constitutional rights by pleading guilty, it follows a fortiori that a defendant may expressly waive his statutory right to appeal as part of a plea agreement . . . .'" (*People v. Aparicio* (1999) 74 Cal.App.4th 286, 289, citing *People v. Panizzon* (1996) 13 Cal.4th 68, 80 (*Panizzon*).)

Similarly, "[b]oth our state Supreme Court and the United States Supreme Court have recognized that plea bargaining is based upon 'reciprocal benefits' or 'mutuality of advantage' between the prosecution and the defendant. [Citations.] Our Supreme Court has repeatedly recognized that "'[w]hen a guilty plea . . . is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties . . . must abide by the terms of the agreement.'" [Citations.]" (*People v. Collins* (1996) 45 Cal.App.4th 849, 862-863.)

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." (*Johnson v. Zerbst* (1938) 304 U.S. 458, 464.) "[T]herefore, an express waiver of the right of appeal made pursuant to a negotiated plea agreement is valid provided defendant's waiver is knowing, intelligent and voluntary." (*People v. Vargas,* (1993) 13 Cal.App.4th 1653,1659 (*Vargas*).) "The voluntariness of a waiver is a question of law which we review de novo." (*Id.* at p. 1660.)

6

Absent something in the record raising a doubt defendant understood and knowingly waived his appeal rights, a written waiver of those rights by defendant, coupled with defendant's and his attorney's attestations to the court that defendant understood and voluntarily relinquished each right, is sufficient to establish a defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made. (*Panizzon, supra*, 13 Cal.4th at pp. 83-84.)

The circumstances of the present case meet the criteria set forth in *Panizzon*. In addition to defendant's initialing and signing the guilty plea form, in taking defendant's guilty plea the trial court also went over the plea form with him. Judge Rogan inquired of defendant whether he had indeed signed and initialed the change of plea form, whether he had gone over everything in it with his attorney, whether everything in it was read to defendant in his own language, and whether he understood everything in the form. Defendant acknowledged all these were true and that the signature and initials on the form were his.

Moreover, defendant's appellate waivers are articulated in terms that are neither vague nor limited. The waivers express comprehension of defendant's "right to appeal from decisions and orders of the Superior Court . . . [and] from *any and all decisions and orders made in my case*." (Italics added.) Moreover, defendant unambiguously agreed to "waive and give up my right to appeal *from my guilty plea*." (Italics added.) As we read the unequivocal language of the waivers in the guilty plea form, it specifically describes *any* prior ruling of the court, which of course includes Judge Goethals's ruling denying defendant's *Miranda*-based suppression motion. Similarly, his waiver of his right to "appeal from my guilty plea," specifically embraces a section 1237.5 appeal. Given his general waiver of his right to appeal any and all orders of the court, to infer otherwise would make this second waiver sentence redundantly meaningless.

7

Defendant argues the guilty plea form "does not expressly state a waiver of [his section 1237.5] rights at [the relevant paragraph] or anywhere else on the [guilty plea] form. The waiver of a constitutional right must be knowing, voluntary and intelligently made." From these premises, he concludes Judge Rogan was required to obtain a specific waiver of his section 1237.5 rights, and cites *In re Tahl* (1969) 1 Cal.3d 122, and *Boykin v. Alabama* (1969) 395 U.S. 238, in support. Both cases are inapposite, however, because both involve waiving constitutional, not statutory, rights. (*In re Tahl,* at p. 132 [record must contain on its face direct evidence accused was aware, or made aware, of rights to confrontation, jury trial, and against self-incrimination]; *Boykin v. Alabama,* at p. 243 [on a guilty plea, court cannot presume waiver of self-incrimination, jury trial, and confrontation from a silent record].) However, section 1237.5 is not based in either the state or federal constitutions. (*Totari, supra*, 28 Cal.4th at p. 881; *Abney, supra*, 431 U.S. at p. 656.)

Furthermore, defendant does not explain what his specific waiver of his "right to appeal from my guilty plea" means if it does not refer to section 1237.5. Indeed, this is exactly what section 1237.5 addresses—a limited ability to appeal from a guilty plea in specified circumstances. While neither the guilty plea form nor Judge Rogan's plea colloquy with defendant specifically discussed section 1237.5 or defendant's *Miranda* challenge, our Supreme Court has made clear that in determining whether a defendant's waiver of his right to appeal is knowingly, voluntarily, and intelligently entered, a specific review of the appellate waiver with defendant is not required where both defendant and his attorney have signed a waiver form, both have attested to defendant's knowing and voluntary relinquishment of his rights, and the trial court's examination of defendant and his attorney raised no questions regarding defendant's comprehension of his rights or the consequences of his plea. (*Panizzon, supra*, 13 Cal.4th at pp. 83-84.)

Because those conditions are present here, we find the record establishes defendant's appellate waiver was knowingly, voluntarily, and intelligently entered without further specific inquiry by the court. In *Castrillon, supra*, 227 Cal.App.3d 718, we held that a defendant could waive the right to appeal denial of a suppression motion. We pointed out that a court could rely on "a properly executed written waiver of the statutory right to appeal denial of the suppression motion," even in the absence of an "oral recitation" of that right by the trial court and "an oral waiver by the defendant." (*Ibid*.) The written waiver was sufficient "unless a doubt is raised that [defendant] understood and knowingly waived his rights." (*Id.* at p. 722; see *People v. Kelly* (1994) 22 Cal.App.4th 533 [written waiver of right to appeal contained in change of plea form enforced where form recited the defendant's attorney reviewed and explained the terms and consequences of the plea to the defendant].) Here, as in *Castrillon*, defendant executed a written waiver of his appellate rights, and nothing in the record suggests he did not understand or knowingly waive them.

Moreover, even though a defendant may not know the specific nature of the appellate rights he is giving up in return for dismissal of pending charges and a substantial reduction in potential sentence, "if he understands he is receiving a benefit in return, his decision to enter into the agreement reflects a highly rational judgment, and that is sufficient to make the plea and waiver knowing, intelligent and voluntary. [Citations.]" (*Vargas, supra*, 13 Cal.App.4th at p. 1661; see *United States v. Navarro-Botello* (9th Cir. 1990) 912 F.2d. 318, 320 [defendant "knew he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be. In exchange, he gained a set sentence"].)

It is true that in addition to constitutional rights, "a trial court normally must admonish a defendant of the direct consequences of a plea of guilty or nolo contendere. [Citation.] However, a court may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment." (*Panizzon, supra*, 13

9

Cal.4th at p. 83; see *Castrillon, supra*, 227 Cal.App.3d at p. 722 [enforcing, as part of a plea agreement, the defendant's written waiver of right to appeal denial of a motion to suppress]; cf. *In re Ibarra* (1983) 34 Cal.3d 277, 286, overruled on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 360-361 ["A defendant who has signed a waiver form (waiving *Boykin-Tahl* rights) upon competent advice of his attorney has little need to hear a ritual recitation of his rights by a trial judge].) "Only if in questioning the defendant and his attorney the trial court has reason to believe the defendant does not fully comprehend his rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*Castrillon, supra*, 227 Cal.App.3d at p. 722; cf. *In re Ibarra, supra*, 34 Cal.3d at p. 286 ["The judge need only determine whether defendant had read and understood the contents of the form, and had discussed them with his attorney"].)

Other circumstances further support our finding defendant's waiver extends to and includes both the initial ruling on the *Miranda* suppression motion and any subsequent back door attempt via section 1237.5 to raise the identical claim. Defendant entered into a negotiated disposition granting him significant benefits in the nature of the dismissal of the indeterminate life-term charges in exchange for the promise of a determinate sentence of 30 years, a term far below his maximum potential punishment. And that was the sentence Judge Rogan subsequently imposed. The beneficial result was an obvious motivation for defendant's plea.

In return, the prosecution reasonably expected to receive the benefit of relief from any risk of reversal of the ruling on the *Miranda* suppression motion. Were we to review defendant's *Miranda* motion on the merits, we would deprive the People of an integral part of the negotiated plea bargain. We simply are not free to alter that bargain in such a way.

Moreover, the denial of the suppression motion was the only prior ruling of substance either judge had made that could be subject to review on appeal, and thus must

10

have been exactly what defendant waived by giving up his "right of appeal." (See *People v. Berkowitz* (1995) 34 Cal.App.4th 671, 677-678 (*Berkowitz*).)

Application of these principles leads us to conclude the record before us shows an enforceable waiver of defendant's right to appeal. We find that, based on his guilty plea, defendant waived his section 1237.5 rights to the same extent he waived his right to appeal "from any and all decisions and orders made in my case," even though neither section 1237.5, nor his *Miranda* challenge, was spelled out in detail in his guilty plea form.

We are satisfied defendant's waiver of his appellate rights was knowing, intelligent, and voluntary despite the absence of a specific admonishment by the trial court as to the meaning of his appellate waivers. (*Castrillon, supra*, 227 Cal.App.3d at p. 722; see *Berkowitz, supra*, 34 Cal.App.4th at pp. 675-678 [as long as the record shows the waiver of the right to appeal was knowingly, intelligently, and voluntarily entered, it is to be given effect].) Thus, in exchange for his determinate sentence, we find defendant waived all his appellate rights—including his section 1237.5 right to appeal from his guilty plea.

2. *The Certificate of Probable Cause Does Not Affect Defendant's Appellate Waivers*

Even assuming defendant's appellate waivers did not include a waiver of his section 1237.5 appellate right, that section does not permit an appeal from a trial court's *Miranda* ruling, and the certificate of probable cause in this case is therefore to no effect.

"In general, a defendant may appeal from a final judgment of conviction, unless otherwise limited by sections 1237.1[2] and 1237.5." (*People v. Maultsby* (2012) 53 Cal.4th 296, 298 (*Maultsby*).) As noted above, section 1237.5 is the statute governing a defendant's appeal following a plea of guilty or nolo contendere. Normally, a

---

[2] Section 1237.1 involves conduct credits, not at issue in this appeal.

11

defendant may not appeal from a guilty plea without first complying with section 1237.5, and obtaining a certificate of probable cause from the lower court. On the other hand, a defendant who has pleaded guilty need not obtain a certificate of probable cause if the appeal is based either upon the denial of a motion to suppress evidence under section 1538.5, or upon grounds that arose after entry of the plea and that do not affect the plea's validity. (*Maultsby,* at p. 299, fn. 2.) Defendant agrees these noncertificate exceptions do not apply here.

"[A] certificate is required when a defendant claims that warnings regarding the effect of a guilty plea on the right to appeal were inadequate." (*Panizzon, supra*, 13 Cal.4th at p. 76.) However, the certificate of probable cause defendant obtained from Judge Goethals involved a challenge to the denial of his *Miranda* suppression motion, not the adequacy of his appellate waivers. Indeed, defendant did not mention the terms of his guilty plea, including its appellate waivers, until we requested supplemental briefing. Even though "[s]ection 1237.5 does not restrict the scope of inquiry into a *cognizable* error once a certificate has been issued[,] . . . *filing a certificate cannot expand the scope of review to include a noncognizable issue*. [Citations.]" (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1178 (*Hoffard*), italics added.)

Usually, "[u]nder section 1237.5, a defendant may appeal from a conviction on a plea of guilty or no contest *only* on grounds going to the legality of the proceedings; such a plea precludes appellate consideration of issues related to guilt or innocence, including the sufficiency of the evidence to support the conviction." (*People v. Palmer* (2013) 58 Cal.4th 110, 114, italics added.) "The basis of this 'general principle' [citation] is the fact that a 'plea of guilty [itself] constitutes a conviction' [citations], indeed the 'highest kind of conviction which the case admits.' [Citations.]" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094; see *United States v. Broce* (1989) 488 U.S. 563, 569 ["A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence"].)

Consequently, "[g]iven the accused's guilty plea, an extrajudicial statement relating to his guilt of a charged crime does not, by reason of a claim that it was involuntarily or improperly induced, raise an issue on appeal based on 'constitutional, jurisdictional or other grounds going to the legality of the proceedings' resulting in the plea." (*DeVaughn, supra*, 18 Cal.3d at p. 896.) Rather, a guilty plea "is an admission of all matters essential to the conviction. [Citation.] The voluntariness of a confession goes to the question of guilt and thus is removed from consideration by the guilty plea. [Citation.] With a defendant's change of plea and acknowledgement of guilt, whether a confession is evidential becomes superfluous and, in essence, cumulative." (*In re John B.* (1989) 215 Cal.App.3d 477, 484.)

In essence, "a guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. [Citation.] It waives a trial and obviates the need for the prosecution to come forward with any evidence. [Citations.] A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. [Citation.] By pleading guilty a defendant 'waive[s] any right to question how evidence had been obtained just as fully and effectively as he waive[s] any right to have his conviction reviewed on the merits.' [Citation.]" (*People v. Turner* (1985) 171 Cal.App.3d 116, 125-126, fn. omitted (*Turner*).)

The reason for the rule is that a guilty plea "'admits all matters essential to the conviction.' [Citations.] Moreover, the issuance of a certificate of probable cause does not operate to enlarge the grounds on which an appeal may be taken. [Citations.] In sum, issues which merely go to the guilt or innocence of a defendant are 'removed from consideration' by entry of the plea. [Citations.] (*People v. Shults* (1984) 151 Cal.App.3d

714, 719.) "'In short, a defendant "cannot admit the sufficiency of the evidence by pleading guilty and then question the evidence by an appeal under section 1237.5 . . . .'" [Citations.]" (*Ibid.*; see *DeVaughn, supra,* 18 Cal.3d at p. 896 ["[A]n extrajudicial statement relating to his guilt of a charged crime does not, by reason of a claim that it was involuntarily or improperly induced, raise an issue on appeal based on 'constitutional, jurisdictional or other grounds going to the legality of the proceedings' resulting in the plea"]; *People v. Pettingill* (1978) 21 Cal.3d 231, 235, fn. 1 [the defendant's guilty plea normally forecloses appellate review of the admissibility of his confession under the state and federal constitutions].)

Put simply, having entered his guilty plea in this case, defendant is precluded from obtaining appellate review of his motion to exclude statements on the grounds he was interrogated without a valid *Miranda* warning and waiver. (*People v. Kenway* (1990) 219 Cal.App.3d 441, 446 (*Kenway*); cf. *People v. Charles* (1985) 171 Cal.App.3d 552, 557 ["The general rule in this country is that [a defendant] cannot ever, even with the consent of all parties, enter a plea of guilty conditioned upon retaining the right to challenge in the appellate courts the denial of his motion to suppress evidence"].)

Moreover, this remains true regardless of Judge Goethals's certificate of probable cause. "[E]ven if the defendant obtains a certificate of probable cause he will be precluded from raising issues which were waived by his guilty plea. [Citation.] . . . '[T]he fact that defendant obtained . . . a certificate of probable cause does not erase [a] waiver and somehow resuscitate a dead issue. . . . Consequently, "[o]btaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.'" [Citation.]" (*Turner, supra*, 171 Cal.App.3d at p. 125.)

"The question then is what are reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings which survive a plea of guilty. This question may be answered by examining the nature of a guilty plea, determining

14

what it admits and what it waives, and thus by a process of elimination, isolating what survives." (*Turner, supra,* 171 Cal.App.3d at pp. 125-126.) As explained above, a guilty plea admits every element of the offense charged and is a conclusive admission of guilt. It waives a trial and obviates the need for the prosecution to come forward with any evidence and concedes the prosecution has legally admissible evidence sufficient to prove guilt beyond a reasonable doubt. It waives any right to question the evidence, including its sufficiency or admissibility, regardless of whether it is based on constitutional violations. (*Ibid.*, fn. omitted; cf. *Blackledge v. Perry* (1974) 417 U.S. 21, 29-30 [when the defendant enters a guilty plea, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea].)

Defendant argues "[Judge Goethals], having read defendant's application for the certificate of probable cause, it made the judgment that probable cause does exist challenging the conviction on the guilty plea on the grounds which were stated, *despite the waivers, despite the guilty plea*, and likely because the court had problems with the procedures utilized by the police. Were they lawful? Did they comply with the Constitution?" (Italics added.)

First, this is not what Judge Goethals did. There is nothing in Judge Goethals's probable cause certificate addressing, let alone mentioning, defendant's appellate waivers. Nor is there anything in defendant's request for a certificate of probable cause regarding the appellate waivers. Moreover, since it was Judge Rogan who took defendant's guilty plea, there is nothing in the record to suggest Judge Goethals was even aware of the precise terms of the plea agreement, including the appellate waivers.

Second, and more importantly, "'a guilty plea waives any right to raise questions regarding the evidence, including its sufficiency or admissibility . . . .' [Citation.] An issue which is not cognizable on appeal following a guilty plea cannot be

15

made cognizable by agreement of the parties or by the issuance of a certificate of probable cause. [Citations.]" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 43-44 (*Thurman*).) Judge Goethals's probable cause certificate could not have been properly issued to enable a claim challenging the admissibility of his statements to law enforcement on *Miranda* grounds. Defendant's urgings to the contrary misconstrue the nature of section 1237.5 and certificates of probable cause.

With a few exceptions, the issues cognizable on appeal after a guilty or nolo contendere plea are only those based on "'reasonable constitutional, jurisdictional, or other grounds *going to the legality of the proceedings*' resulting in the plea." (*DeVaughn, supra*, 18 Cal.3d at p. 896, italics added; see § 1237.5.) As a result, the right to appeal following a guilty plea is quite limited.

Defendant's arguments fail to recognize this quite salient final clause of section 1237.5, subdivision (a). Instead, he focuses narrowly on the word "constitutional," and argues since *Miranda* issues are constitutional inquiries, his appeal is permitted. This then leads him to contend Judge Goethals issued the probable cause certificate because he "had problems with the procedures utilized by the police[,] [w]ere they lawful[,] [d]id they comply with the Constitution?" However, as we have seen, defendant's guilty plea waived any claim regarding the admissibility of evidence, including claims of *Miranda* violations. (*Kenway, supra*, 219 Cal.App.3d at p. 446; *DeVaughn, supra*, 18 Cal.3d at p. 896.) And section 1237.5 does not provide a means to overcome that waiver. (*Thurman, supra*, 157 Cal.App.4th at p. 43 ["An issue which is not cognizable on appeal following a guilty plea cannot be made cognizable by . . . the issuance of a certificate of probable cause"].)

To summarize, defendant's waiver of "my right to appeal from my guilty plea," by its plain terms, necessarily included a waiver of defendant's limited statutory right under section 1237.5 to obtain a certificate of probable cause in order "to appeal from [his] guilty plea." Although the guilty plea form does not specifically reference

16

section 1237.5, its clear meaning implies such a result. Defendant's waiver of appellate rights was unlimited and did not retain a right to contest the denial of his suppression motion either directly or through section 1237.5. Nor could it.

Accordingly, defendant's current appellate claim, which essentially concerns the sufficiency of the prosecution's body of evidence against him, i.e., his inculpatory statements to law enforcement, is well within the scope of defendant's negotiated plea agreement and its attendant waivers of his right to appeal. Simply put, this court is therefore precluded from considering defendant's contentions on appeal. (Cf. *Berkowitz, supra*, 34 Cal.App.4th at pp. 675,677 [defendant who waived his right to appeal as part of a plea bargain waived the right to challenge suppression ruling on appeal ["no reason not to accord the waiver its plain meaning: a waiver of whatever appellate rights appellant may have had"].)

Furthermore, "[t]he trial court's issuance of a certificate of probable cause to 'permit' appellate review of this issue does not change our conclusion. A certificate of probable cause cannot render reviewable a claim that is otherwise not cognizable on appeal from a guilty plea. [Citations.]" (*People v. Collins* (2004) 115 Cal.App.4th 137, 149.) Judge Goethals's certificate of probable cause is wholly ineffective to confer jurisdiction on the appellate court when the issue proposed to be raised is in fact not appealable. "'Obtaining a certificate of probable cause does not make cognizable those issues which have been waived by a plea of guilty.'" (*People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1361.)

As a result, even if we were to read the record as containing some sort of agreement by Judge Goethals that defendant could appeal the denial of his suppression motion, "we would not be bound by such an agreement, but would remain subject to the statutory limitations on our jurisdiction imposed by the Legislature and encompassed by section 1237.5." (*People v. Hernandez, supra*, 6 Cal.App.4th at p. 1361.) Issuance of a

17

certificate of probable cause "cannot expand the scope of review to include a noncognizable issue."  (*Hoffard, supra*, 10 Cal.4th at p. 1178.)

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


FYBEL, J.