Filed 11/28/23  P. v. Vella CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHN ANTHONY VELLA,<br><br>     Defendant and Appellant. | A167020<br><br>(Del Norte County Super. Ct. No. CRPB215073) |

**MEMORANDUM OPINION**[1]

     John Vella appeals from the trial court's imposition of a two-year sentence arising from his conviction by plea for violating Penal Code section 4573.6.[2]  Vella contends that the trial court erroneously imposed a full two-year sentence to run consecutively to a separate term imposed by a Mendocino County court for a violation of section 69.  Under section 1170.1, subdivision (a) and *People v. Brantley* (2019) 43 Cal.App.5th 917 (*Brantley*), Vella contends, the trial court was not permitted to impose the full two-year term but instead should have imposed a one-year "subordinate" term for the section 4573.6 conviction.  He argues that the trial court selected the two-

---

     [1] We resolve this case by memorandum opinion pursuant to the California Standards of Judicial Administration, section 8.1.

     [2] Further statutory references are to the Penal Code.

year term because it improperly applied section 1170.1, subdivision (c), rather than subdivision (a). Vella also argues, relying on *Brantley*, that the trial court erred by failing to pronounce a single, aggregate sentence.

The Attorney General concedes the legal principles underlying Vella's claim of error. Relying on *People v. Panizzon* (1996) 13 Cal.4th 68 (*Panizzon*), however, the Attorney General argues that Vella expressly agreed to the two-year term as an integral component of his guilty plea. As a result, Vella cannot now appeal from the sentence without having received a certificate of probable cause pursuant to section 1237.5. In addition, the Attorney General contends, Vella waived his right to appeal his sentence as part of his plea agreement.

Vella handwrote the following on his plea form: "I plead guilty to count 1. I will receive a 2 year low term consecutive to my present term. Case CRPB22-5038 will be dismissed. Strikes to be dropped." Case CRPB22-5038 refers to a separate charge against Vella for failing to appear in court, and the dropped "strikes" refers to a strike for a prior conviction that could have doubled his sentence for the section 4573.6 charge. The section on the plea form describing the "bargain" refers back to Vella's handwritten statement. Vella initialed the section of the plea form stating: "I waive my right to appeal possible legal errors in any proceeding or rulings to this time." He also completed and initialed the section of the form that stated he "had sufficient consultation with [his] attorney," who "explained everything on this declaration," and that he "had sufficient time to consider the meaning of each statement" on the form. He confirmed that his initials signified his understanding of those statements and signed the form. Vella's counsel also completed and signed a section of the plea form that stated: "I have personally explained the contents of the above declaration to the defendant,

2

and I personally verified his signature; I have counseled the defendant in the matter of his pleading guilty and I concur with his decision to plea as set forth."

At the combined plea and sentencing hearing, the court asked how the parties planned to proceed. The prosecutor explained that they had agreed on a disposition and the prosecution "ha[d] agreed to offer a two-year low term on the 4573.6 case." In response to the court's questions, the prosecutor confirmed the plea agreement was to sentence Vella to the "[t]wo-year low term" and to dismiss the failure to appear charge and the prior strike. Defense counsel agreed with the prosecutor's description. The court then reviewed the plea agreement with Vella, and asked whether his initials and signature on the form indicated that he had read and understood the form and the rights that he was giving up by pleading guilty. Vella agreed. The court reviewed some of the rights Vella was agreeing to waive, but did not specifically discuss the plea form's inclusion of an appeal waiver.

The court then questioned Vella directly regarding his understanding of the plea: "Do you understand that pursuant to this agreement you will be receiving two years additional in state prison, that will be served consecutive to the time that you are already serving?" Vella responded "Yes."

After some further discussion, the court stated it was remanding Vella "to serve the two-year low term consecutive to time [Vella] is now serving in prison." It explained that there were "no factors in aggravation or mitigation regarding probation since this was a stipulated term." The court asked if there was anything else that needed to be addressed. A short discussion followed:

"[Defense counsel]: I'm not sure if he has been sentenced in the other county. I guess he has—

"[Prosecutor]: The [section] 69—

"[Defense counsel]: We will have to do something about that going to the subordinate term.

"[Prosecutor]: No, because that would be his commitment offense. So—

"[Vella]: Which one is the controlling offense I think has to be identified now with Prop 57. One has to be identified as my controlling case when Prop 57 comes up, the eight months after I serve on that case, they have the choice to release me or not. I believe my controlling case would be the case I am currently serving time on.

"[Prosecutor]: Yes, the [section] 69.

"[Defense counsel]: That's fine.

"[The Court]: Nothing further, anything that I need to do at this point?

"[Defense counsel]: I guess not."

The court remanded Vella to serve his sentence and confirmed that the failure to appear charge had been dropped. The minutes from the change of plea hearing state: "Defendant is to be sentenced to the two year low term," consecutive "to time now serving" and that all other charges were dismissed.

Vella appealed and requested a certificate of probable cause pursuant to section 1237.5, citing his claim that the trial court imposed a sentence in violation of section 1170.1, subdivision (a). The trial court did not issue a certificate of probable cause.

4

## DISCUSSION

The parties agree that, absent the plea agreement, section 1170.1, subdivision (a) and *Brantley* would control Vella's sentence. They disagree as to whether this court may consider Vella's appeal without a certificate of probable cause issued pursuant to section 1237.5. Vella argues that he was not required to obtain a certificate of probable cause and did not waive his right to appeal because the issue he now raises—the trial court's application of section 1170.1—was not encompassed within his plea and was not known or foreseeable when he entered his plea. The Attorney General argues that the parties expressly agreed to the two-year sentence for the section 4573.6 offense, to run consecutively to the term for his section 69 offense. As a result, Vella was required to secure a certificate of probable cause pursuant to section 1237.5; that he did not do so means this court lacks jurisdiction over his appeal. In any event, the Attorney General contends, Vella waived his right to appeal the issue.

We conclude that Vella expressly agreed to the consecutive two-year term without regard to the application of section 1170.1 and therefore, absent a certificate of probable cause, we lack jurisdiction to resolve his appeal. We also conclude that Vella waived his right to appeal his sentence.

### 1. Plea Agreement and Certificate of Probable Cause

We first consider whether section 1237.5 required Vella to obtain a certificate of probable cause. "Section 1237.5 provides in relevant part that '[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶]

5

(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (*People v. Buttram* (2003) 30 Cal.4th 773, 780; see also Cal. Rules of Court, rule 8.304(b).) "In determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of guilty . . . , courts must look to the substance of the appeal . . . . [T]he critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5." (*Panizzon, supra*, 13 Cal.4th at p. 76.) " 'Even when a defendant purports to challenge only the sentence imposed, a certificate . . . is required if the challenge goes to an aspect of the sentence to which the defendant agreed as an integral part of a plea agreement.' " (*People v. Stamps* (2020) 9 Cal.5th 685, 694.) As part of a plea agreement, a defendant may waive otherwise applicable laws, including section 1170.1, subdivision (a). (*People v. Jones* (1989) 210 Cal.App.3d 124, 134.)

We apply principles of contract law to interpret a plea agreement. (*People v. Becerra* (2019) 32 Cal.App.5th 178, 188.) We look first to the express terms of the agreement, which control. (*Id.* at p. 189.) Vella's handwritten description of his plea states, in full: "I plead guilty to count 1. I will receive a 2 year low term consecutive to my present term. Case CRPB22-5038 will be dismissed. Strikes to be dropped." The section of the plea agreement noting the parties' "bargain" refers back to this description. The plea agreement makes no reference to section 1170.1, or to "principal" or "subordinate" terms as described in that section. Instead, it unequivocally states that Vella will receive a two-year term consecutive to his "present term," referring to the term imposed for his section 69 offense in Mendocino County. The express terms of the plea therefore unambiguously indicate that the parties agreed Vella would serve two years for the

6

section 4573.6 conviction, without regard to the way in which section 1170.1 might otherwise apply.

The court's and parties' statements, and the minutes of the sentencing hearing, are all consistent with the express terms of the agreement. Vella points to one arguable exception to the consistently expressed understanding of the plea: defense counsel's reference to making Vella's sentence for violating section 69 "subordinate" to the two-year term for violating section 4573.6. But this isolated comment is not sufficient to overturn the parties' express and unambiguous agreement to a two-year term. Even were we to consider defense counsel's reference to the subordinate term as implying that the plea agreement did not settle the application of section 1170.1 to Vella's sentence, that reference does not support Vella's arguments here. As Vella acknowledges, defense counsel suggested that Vella's two-year term for the section 4573.6 violation should remain intact and his term for the section 69 conviction should be made subordinate—and therefore run consecutively to—the two-year term. That contradicts Vella's argument on appeal that his two-year term is the subordinate term pursuant to section 1170.1, subdivision (a) and should be reduced accordingly. It also contradicts the express language of the plea agreement that Vella's two-year term should run consecutively to the term for the section 69 violation. Ultimately, defense counsel agreed with the court that, after imposing the two-year term, there was "[n]othing further . . . that [it] need[ed] to do" in pronouncing Vella's sentence.

Vella also argues that if the parties had agreed to a flat two-year term, the terms of the plea agreement would have described the sentence term as a "full" two years and would have specifically cited section 1170.1, subdivision (c). But the plea agreement is unambiguous without describing

7

the intended term as a "full" two years, and a citation to section 1170.1, subdivision (c) would be superfluous where the parties agreed to a specific determinate sentence irrespective of the application of section 1170.1. Likewise, we see no basis to read into the agreement an implicit understanding that section 1170.1, subdivision (a) would still apply and reduce Vella's agreed-upon two-year sentence at some subsequent stage in the sentencing process. That understanding would be inconsistent with the explicit agreement that Vella would receive a two-year low-term sentence. Under section 4573.6, Vella could be sentenced to two, three, or four years for his offense; two years is the "low term" within that triad of possible sentences. (§ 4573.6, subd. (a).) If the parties intended section 1170.1 to apply, then subdivision (a) would mandate that Vella receive one-third the middle-term sentence of three years, or one year. But the plea agreement specified that Vella would receive a "low-term" sentence, not a "middle-term" sentence, and applying section 1170.1's mandate that the consecutive term be one-third the middle term, there would be no way to reach the agreed-upon two-year sentence.

Because the parties expressly agreed to the two-year consecutive low-term sentence, we conclude that the two-year sentence term was "integral" to the plea agreement. Vella was therefore required to obtain a certificate of probable cause before appealing. (*People v. Stamps*, *supra*, 9 Cal.5th at p. 694.) The trial court did not issue a certificate of probable cause and we lack jurisdiction to consider Vella's appeal.

## 2. *Waiver of the Right to Appeal*

Defendants may waive the right to appeal as part of their plea agreement. (*Panizzon*, *supra*, 13 Cal.4th at p. 80.) Whether an appellate waiver in a plea agreement is valid and enforceable depends on whether the

8

waiver was knowing, intelligent, and voluntary. (*Ibid.*) "Absent something in the record raising a doubt defendant understood and knowingly waived his appeal rights, a written waiver of those rights by defendant, coupled with defendant's and his attorney's attestations to the court that defendant understood and voluntarily relinquished each right, is sufficient to establish a defendant's waiver of his right to appeal was knowingly, voluntarily, and intelligently made." (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.) "The voluntariness of a waiver is a question of law which appellate courts review de novo." (*Panizzon*, at p. 80.)

Vella argues that his general waiver of his right to appeal did not apply to the two-year sentence because at the time he could not have known or foreseen that the court would err by applying section 1170.1, subdivision (c) when it should have applied subdivision (a). As explained *ante*, however, the record does not indicate that the trial court applied section 1170.1, subdivision (c). Instead, the court imposed the two-year sentence to which the parties expressly agreed. Vella's appellate waiver therefore necessarily precluded an appeal from the sentence he knew—and agreed—would be imposed. (See *Panizzon*, *supra*, 13 Cal.4th at pp. 85–86, 89.) Both he and his attorney attested that Vella understood and voluntarily relinquished the rights described in his plea form, including his right to appeal. (*People v. Cisneros-Ramirez*, *supra*, 29 Cal.App.5th at p. 400.)

Vella argued in his opening brief that the trial court erred by failing to pronounce a single aggregate sentence encompassing his section 69 and 4573.6 convictions, as required for sentences imposed under section 1170.1, subdivision (a). (See *Brantley*, *supra*, 43 Cal.App.5th at p. 923; Cal. Rules of Court, rule 4.452(a).) But Vella's claim is that his sentence was not imposed under section 1170.1, subdivision (a). Because that claim is subject to his

9

valid waiver, he has no basis to challenge the trial court's pronouncement of his sentence under California Rules of Court, rule 4.452(a).  Regardless, Vella did not renew the argument in his reply brief and agreed at oral argument that he would only pursue that argument insofar as we agree with his first claim of error, which we do not.

## DISPOSITION

The appeal is dismissed.[3]

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

---

[3] We deny Vella's request for judicial notice as irrelevant to our resolution of this appeal.