Filed 1/16/26  P. v. Ubaldo CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAUL UBALDO,<br><br>    Defendant and Appellant. | B339056<br><br>(Los Angeles County<br>Super. Ct. No.<br>PA067171-01) |

Saul Ubaldo (defendant) purports to appeal from a postjudgment order of the trial court denying his petition for resentencing under Penal Code[1] section 1172.6.  Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  Defendant submitted a supplemental brief on his own behalf.  Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216, we

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

decline counsel's invitation to undertake an independent review of the record.  Instead, we evaluate the argument defendant raises in his letter brief.  (*Id*. at pp. 231-232.)  Finding the argument non meritorious, we affirm.

## PROCEDURAL HISTORY[2]

In July 2010, the People charged defendant with one count of attempted willful, deliberate premeditated murder (§§ 187, subd. (a), 664, subd. (a)), and one count of assault with a semiautomatic firearm (§ 245, subd. (b)).  The People also alleged numerous firearm, great bodily injury, and gang enhancements. (§§ 12022.53, subds. (b)–(e)(1), 12022.5, 12022.7, 186.22, subd. (b)(1)(C).)

In February 2011, defendant pled no contest to attempted willful, deliberate premeditated murder.

In April 2011, in accordance with the plea agreement, the trial court sentenced defendant to seven years to life, and dismissed the assault charge as well as the remaining allegations and enhancements.

In April 2023, defendant, representing himself, filed a petition for resentencing under section 1172.6 and requested counsel.  The trial court appointed counsel for defendant; the People conceded that defendant had made a prima facie showing; and the parties filed evidentiary hearing briefs.

The evidentiary hearing was set for June 12, 2024.  At the outset of the hearing, the court indicated that the People and the defendant had reached an alternative resolution of the case.  The People then moved to vacate the premeditated murder sentence

---

[2]      Because the facts of defendant's crimes are not relevant to the issue on appeal, we do not include them here.

2

under section 1172.1, subdivision (a)(3)(B), and to sentence defendant to a low term, five-year prison sentence (which was already served), with a one-year parole period. The court granted the People's motion contingent upon defendant (1) withdrawing his section 1172.6 petition, (2) waiving "sufficient custody credits" so that he could be placed upon one year of parole, and (3) waiving his right to "seek appellate relief in any manner." Defendant withdrew his petition and, with the concurrence of counsel, waived some of his custody credits and his appellate rights. The trial court then recalled defendant's sentence; struck the allegation that the attempted murder was committed willfully, deliberately, and with premeditation; and resentenced defendant to the low term of five years in state prison.

Defendant filed this timely appeal, purporting to challenge the "denial of defendant's custody credits in connection with resentencing pursuant to Senate Bill 775/Penal Code section 1172.6." (All capitals omitted.)

## DISCUSSION

In his supplemental briefing filed with this court on September 24, 2025, defendant does *not* challenge his resentencing on the attempted murder count. And, indeed, he *could* not challenge it in light of his waiver of appellate rights. (E.g., *People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.) Instead, defendant instead seeks to be resentenced on a wholly different conviction he claims to have suffered in Lassen County in 2021 for assault with a deadly weapon.

The conviction defendant seeks to challenge in his supplemental brief is not properly before us because (1) it is outside the scope of the notice of appeal in this case (which deals solely with his attempted murder conviction), and (2) it was

3

suffered in Lassen County, which is outside our geographic jurisdiction to review.

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
MOOR


_____, J.
KIM (D.)