Filed 6/22/26  P. v. Husokowski CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOHN NICHOLAS HUSOKOWSKI,<br><br>     Defendant and Appellant. | A172622<br><br>(Contra Costa County<br>Super. Ct. No. 01-23-02752) |

In October 2024, pursuant to a plea agreement, defendant and appellant John Nicholas Husokowski (appellant) pleaded guilty to felony elder abuse (Pen. Code, § 368, subd. (b)(1))[1] and admitted aggravating circumstances that the victim was particularly vulnerable and the crime involved great violence or great bodily harm.  Appellant also pleaded guilty to misdemeanor elder abuse (§ 368, subd. (b)(1)) and misdemeanor aggravated trespassing (§ 602.5, subd. (b)).  The charges arose out of an incident during which, according to the preliminary hearing testimony, appellant severely beat his father.

Before the acceptance of appellant's plea, the prosecutor explained that appellant had agreed to plead to three counts "for a total term of six years state prison, suspended, in agreement for—that the defendant would be

_____

[1] All further undesignated statutory references are to the Penal Code.

1

placed on three years['] formal probation . . . and he will complete a two-year residential treatment program." The prosecution also agreed to dismiss a great bodily injury enhancement attached to the felony elder abuse charge, which would have made that offense a strike. (See §§ 667, 667.5, subd. (c)(8), 1192.7, subd. (c)(8).)

The trial court confirmed with appellant that he had signed the written plea form, understood the rights described in the form, and had sufficient time to discuss with counsel his rights and the consequences of his plea. Appellant's counsel said he believed appellant understood his rights and the consequences of the plea. The written waiver form included the statement, "I understand that I have the right to appeal this sentence, conviction and any rulings made by the Court in this case. I give up my right to appeal in exchange for accepting this negotiated disposition."

In December 2024, pursuant to the plea agreement, the court sentenced appellant to six years in state prison, consisting of the upper term of four years for felony elder abuse and two 1-year consecutive sentences for the misdemeanors. Again in accordance with the plea agreement, the court suspended execution of the sentence and placed appellant on three years' probation and ordered him to complete a two-year residential treatment program.

On appeal,[2] appellant contends the trial court erred by imposing prison terms for his two misdemeanor convictions because the governing statutes authorize a term in county jail, rather than prison. He argues that the sentence was unauthorized and that the court exceeded its jurisdiction. Respondent agrees that appellant's misdemeanor convictions authorized only jail terms, but respondent argues that appellant waived his right to appeal

_____

[2] The trial court granted a certificate of probable cause.

2

and that appellant is estopped from challenging his agreed-upon sentence. We agree.

First, "[a]ppellate waivers contained within plea agreements are generally enforceable. 'Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement.' [Citation.] ' "Plea negotiations and agreements are an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments." [Citations.]' [Citation.] 'Defendants . . . benefit from plea agreements by gaining concessions from the People. [Citation.] The benefits of a plea agreement would be eliminated if courts disallowed the waiver of the right of appeal to which the parties have agreed.' " (*People v. Becerra* (2019) 32 Cal.App.5th 178, 186.)

Appellant did not file a reply brief and his opening brief contains no argument disputing that he waived his right to appeal. In particular, appellant does not dispute that he waived his right to appeal, that the waiver encompasses his present claim, and that the waiver was " 'knowing, intelligent and voluntary' " (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400).

Second, "[t]he rule that defendants may challenge an unauthorized sentence on appeal even if they failed to object below is itself subject to an exception: Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did

not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295.)  " 'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules by choosing to accept the plea bargain.' " (*Ibid.*)

Again, appellant did not file a reply brief and his opening brief contains no argument disputing that he is estopped from challenging the trial court's unauthorized sentence.  In particular, appellant does not dispute that the trial court had fundamental jurisdiction, that he knowingly agreed to the sentence imposed by the trial court, and that he is therefore estopped from challenging it—even if part of the sentence is unauthorized.

## DISPOSITION

The trial court's judgment is affirmed.

SIMONS, J.

We concur.

JACKSON, P. J.
BURNS, J.

(A172622)

4