Filed 7/6/21  P. v. Torres CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075636 |
| v. | (Super.Ct.No. FSB1504170) |
| ANGELO YSIDRO TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed with directions.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew Mestman and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Angelo Ysidro Torres pled guilty to two counts of sodomy by force on a victim under the age of 14 (Pen. Code,[1] § 286, subd. (c)(2)(B), counts 1, 5), and committing a lewd act by force on a victim under the age of 14 (§ 288, subd. (b)(1), count 2). In exchange, a trial court sentenced him to 27 years in state prison.

On appeal, defendant contends the court should have stayed the sentence on count 5 pursuant to section 654. We direct the trial court to dismiss counts 3 and 4 and other specified enhancement allegations. Otherwise, we affirm the judgment.

## FACTUAL BACKGROUND[2]

Defendant was living with his cousin (the victim) and her family. The victim was 12 years old at the time of the offenses. One night, defendant woke her up, grabbed her, and brought her into the bathroom. He pulled down her underwear, forced her to bend over, and put his penis in her anus. He took his penis out and reinserted it approximately 11 times. Defendant also put his fingers in her vagina and tried to put his penis in her mouth, but she kept moving her head to avoid it. The victim was scared and tried to leave the bathroom, but defendant overpowered her. The entire incident lasted approximately one hour.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] The factual background is taken from the preliminary hearing transcript. The parties stipulated that the preliminary hearing transcript established a factual basis for the plea.

PROCEDURAL BACKGROUND

On May 22, 2019, the San Bernardino County District Attorney filed a second amended information charging defendant with sodomy by force on a victim under the age of 14 (§ 286, subd. (c)(2)(B), count 1), two counts of committing a lewd act by force on a victim under the age of 14 (§ 288, subd. (b)(1), counts 2 & 3), and kidnapping of a victim under the age of 14 (§§ 207, subd. (a), 208, subd. (b), count 4). As to counts 1 through 3, the amended information alleged that defendant kidnapped the victim within the meaning of section 667.61, subdivisions (j)(2) and (e). As to count 2, it alleged that he kidnapped the victim for the purpose of committing the sexual offense within the meaning of section 667.8, subdivision (b).

On June 28, 2019, as part of a negotiated plea agreement, the People added another count of sodomy by force on a victim under the age of 14 (§ 286, subd. (c)(2)(B)) as count 5. At the change of plea hearing, the court stated its understanding that defendant was going to plead guilty to counts 1, 2, and 5. In exchange, it would sentence him to a total term of 27 years in state prison, consisting of the middle term of 11 years on count 1, the low term of five years on count 2, and the middle term of 11 years on count 5, and also require lifetime sex offender registration under section 290.[3] Defendant confirmed the agreement. Defense counsel then relayed defendant's belief that his conduct "was one continuous act with one victim [and] that 654 should apply to the charges." The prosecutor responded that these were separate and distinct crimes that

---

[3] Section 667.6, subdivision (c), authorizes the imposition of full and consecutive terms for specified forcible sex offenses involving the same victim on the same occasion.

3

could be prosecuted and sentenced separately. Defendant himself then stated, "I just want to know if . . . 654 is possible? [¶] I don't know if you do an evidentiary hearing or . . . —how does that go about?" The court explained that generally, a section 654 hearing takes place after trial, once it has heard all the facts. It commented that, based on the preliminary hearing transcript in this case, it appeared that section 654 did not apply since these were separate and distinct acts. The court acknowledged there is a charge of continuous sexual abuse of a child, and if that were to be charged, the facts would apply to that. It added that there were "a lot of different crimes which could apply," but the crimes charged here appeared to be separate and distinct acts, which subjected him to separate, consecutive sentences. Defendant said, "all right," and then pled guilty to counts 1, 2, and 5. Both counsel stipulated, and the court found, that the preliminary hearing transcript established a factual basis for the plea. The court set a sentencing hearing for August 30, 2019.

On August 30, 2019, defendant indicated he wished to withdraw his plea. The court appointed conflict panel counsel and ordered defendant to return on September 5, 2019. The motion to withdraw the plea was continued several times.

The court held a sentencing hearing on July 9, 2020. At the outset, defense counsel noted that the motion to withdraw was "not going forward." Counsel also stated defendant believed that "the multiple counts in this case [were] sufficiently, factually related to 654 of the Penal Code and the subordinate terms should be stayed." The same judge who accepted defendant's plea rejected this argument, stating, "With regard to the 654 objection, that is overruled. The plea does appear before the Court to be appropriate.

4

654 does not apply in this instance." It then proceeded to sentence defendant to the agreed-upon term of 27 years to life in state prison.

Defendant filed a notice of appeal and requested a certificate of probable cause, which the court granted.

## DISCUSSION

I.     The Court Properly Declined to Apply Section 654 to Defendant's Sentence on Count 5

Defendant claims the court erred in finding that section 654 did not apply to stay the sentence on count 5 since it did not recognize that it had the discretion to consider applying section 654. He further argues that if the court did reach the merits of his claim, its determination that section 654 did not apply was not supported by substantial evidence. We conclude the court properly determined that section 654 did not apply.

A. *Defendant Waived His Right to Appeal This Issue*

At the outset, the People contend defendant waived his right to appeal as part of his plea agreement, and he implicitly waived the right to raise a section 654 challenge by choosing to accept the agreement. We agree.

"The negotiated plea agreement, which results in the waiver of important constitutional rights, 'is an accepted and integral part of our criminal justice system.' " (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80.) When a guilty plea is entered in exchange for specified benefits, such as dismissal of other counts or a maximum sentence, both parties must abide by the terms of the plea bargain. (*Id.* at p. 80.) Just as a defendant may affirmatively waive constitutional rights as part of the agreement, a

5

defendant may also waive the right to appeal.  (*Ibid.*)  " '[A]n express waiver of the right of appeal made pursuant to a negotiated plea agreement is valid provided defendant's waiver is knowing, intelligent and voluntary.' " (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.)

Defendant initialed a paragraph in the plea agreement, which reads:  "I waive and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain."  Thus, he executed a written waiver of his appellate rights, and nothing in the record suggests he did not understand or knowingly waive them.

In addition, defendant waived the right to raise a section 654 issue by entering the plea agreement for a specified sentence.  As the California Supreme Court explained in *People v. Hester* (2000) 22 Cal.4th 290 (*Hester*):  "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack *fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process.  [Citations.]  While failure to object is not an implicit waiver of section 654 rights, acceptance of the plea bargain here was.  'When a defendant maintains that the trial court's sentence violates rules which would have required the imposition of a more lenient sentence, yet the defendant avoided a potentially harsher sentence by entering into the plea bargain, it may be implied that the defendant waived any rights under such rules

by choosing to accept the plea bargain.' " (*Id.* at p. 295.)  Here, by entering his plea and accepting the agreed-upon 27-year prison sentence, defendant implicitly waived any right to challenge his sentence on section 654 grounds.  (*Ibid.*)

Defendant argues he preserved his right to make a section 654 claim under California Rules of Court, rule 4.412(b), which provides that "[b]y agreeing to a specified term in prison or county jail under section 1170(h) personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates section 654's prohibition of double punishment, *unless that claim is asserted at the time the agreement is recited on the record*."  He points out that he raised a section 654 claim at the change of plea hearing.  However, the fact that defendant raised this issue at the time the agreement was recited on the record does not invalidate his express waiver of the right to appeal, which he executed when he entered the plea agreement.  Rule 4.412(b) does not deal with the situation where the defendant has expressly waived the right to appeal.  It states the general rule applicable where the defendant has not waived the right of appeal.

In sum, defendant waived his section 654 claim on appeal pursuant to the written appellate waiver and his acceptance of the 27-year prison sentence.

B.  *Defendant's Claim Fails on the Merits*

Notwithstanding the waiver, defendant's claim fails on the merits.  Section 654, subdivision (a), provides, in pertinent part, that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or

7

omission be punished under more than one provision. . . .” “Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]” (*Hester*, *supra,* 22 Cal.4th at p. 294.) “The purpose of section 654 is to prevent multiple punishment for a single act or omission, even though that act or omission violates more than one statute and thus constitutes more than one crime. . . .” (*People v. Liu* (1996) 46 Cal.App.4th 1119, 1135*;* see *People v. Harrison* (1989) 48 Cal.3d 321, 335 (*Harrison*).)

C. *The Court Properly Declined to Apply Section 654 to Count 5*

Defendant first contends the matter must be remanded for resentencing because the trial court was unaware it had the discretion to apply section 654 to his sentence. Specifically, he claims that the court’s comment at the sentencing hearing that section 654 “ ‘does not apply in this instance’ because the plea was ‘appropriate’ suggested that the court did not recognize its own discretion to apply section 654 to the sentence.” He asserts that the court did not refer to the facts or evidence but just cited the plea itself as the basis for denying the 654 claim. However, the record reflects that the court considered defendant’s section 654 claim at the change of plea hearing, when he first raised the issue. The court stated: “At this point, *based on the preliminary hearing transcript*, it appears that 654 does not apply. These are separate and distinct acts.” The same judge overruled defendant’s section 654 objection at sentencing. Thus, the record demonstrates that the court did consider the facts in the preliminary hearing transcript when it previously stated that section 654 did not appear to apply since the acts were separate and distinct. Contrary to defendant’s claim, the court was clearly aware it had the authority to apply section 654.

8

Defendant next argues that the court's denial of his claim was not supported by substantial evidence. He asserts that counts 1 and 5 were both for sodomy by force of a victim under the age of 14, the basis of both counts was a single encounter with the victim, and the events did not involve two discrete incidents of sodomy. He acknowledges the victim's statement that he took out his penis and reinserted it approximately 11 times but avers that there was no evidence of intervening action between acts of penetration. He thus claims the sentence punished him twice "for a single act of sodomy." We disagree.

In *People v. Clem* (1980) 104 Cal.App.3d 337 (*Clem*), the defendant raped the victim in a car five times, over the course of approximately two hours. (*Id*. at p. 341.) On appeal, he contended that "the several vaginal penetrations constitute[d] but one act of rape, defendant's single objective and intent being sexual intercourse with the victim." (*Id*. at p. 346.) He argued that he could not be sentenced for five separate counts of rape, when there was just one sexual transaction, since such sentencing violated section 654. (*Clem*, at p. 341.) The court rejected that argument, stating "[it] can *no longer be argued* that where there are multiple sexual acts performed upon a single victim, albeit within *a short space of time*, that each act does not comprise *a distinct and separate* violation and punishment." (*Id*. at p. 346, italics added.) Citing sections 261 and 263,[4] the court concluded that "[e]ach penetration of the victim in this case must be considered a

---

[4] The court stated that "[u]nder Penal Code, section 261 rape is an *act* of sexual intercourse. Any sexual penetration, however slight, is sufficient to complete the crime. (Pen. Code, § 263.)" (*Clem*, *supra*, 104 Cal.App.3d at p. 347.)

9

separate act of rape, and the sentencing on counts one through five does not constitute multiple punishment as prohibited by Penal Code, section 654." (*Clem*, at p. 347.)

Here, defendant pled guilty to two counts of sodomy under section 286, subdivision (c)(2)(B). Section 286 provides that "[s]odomy is sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of sodomy." (§ 286, subd. (a).) "From this language, we can only conclude that, assuming all other elements of the offense are present, a violation is *complete* the moment such 'penetration' occurs." (*Harrison*, *supra*, 48 Cal.3d at p. 328.) "It follows logically that a *new and separate* violation of section 286 is 'completed' each time a *new and separate* 'penetration, however slight' occurs." (*Id.* at p. 329.) "Since the origin of the rape and sodomy statutes, the courts have strictly adhered to the statutory principle that a 'penetration,' however slight, 'completes' the crime." (*Ibid.*) It is undisputed that defendant inserted his penis in the victim's anus, took it out, and reinserted it approximately 11 times. Pursuant to the statutory language, a separate violation of section 286 was completed each time a penetration occurred. As the court stated, these were separate and distinct acts of sodomy. Accordingly, section 654 did not preclude the sentence on count 5. (See *Clem*, *supra*, 104 Cal.App.3d at p. 347.)

II. The Trial Court Neglected to Dismiss Counts 3 and 4 and Other Enhancements

Although not raised by the parties, we note an apparent clerical error. Generally, a clerical error is one inadvertently made. (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.) Clerical error can be made by a clerk, by counsel, or by the court itself. (*Ibid.*

10

[judge misspoke].) A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts. [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss counts 3 and 4, the section 667.61, subdivision (j)(2) allegation attached to counts 1 through 3, and the section 667.8, subdivision (b) allegation attached to count 2. The plea agreement stated that defendant would plead guilty to counts 1 and 2 and added count 5 in exchange for 27 years in state prison. There was no mention of the dismissal of counts 3 and 4 or the enhancements under sections 667.61, subdivision (j)(2) and 667.8, subdivision (b) in the plea agreement. Defendant pled guilty to counts 1, 2, and 5. The court did not dismiss counts 3 and 4 or the enhancements under sections 667.61, subdivision (j)(2) and 667.8, subdivision (b). Nonetheless, the minute order states that it dismissed counts 3 and 4 and the enhancement allegations, "[p]ursuant to [the] [p]lea." Neither party mentioned the court's failure to dismiss the counts or enhancement allegations below or on appeal. Thus, the record indicates the parties intended them to be dismissed. It is evident the court's failure to order the dismissals was inadvertent. Accordingly, in the interest of accuracy and clarity, we will direct the trial court to dismiss counts 3 and 4 and the enhancement allegations under sections 667.61, subdivision (j)(2), and 667.8, subdivision (b).

11

## DISPOSITION

The trial court is directed to order the dismissal of counts 3 and 4 and the enhancement allegations under sections 667.61, subdivision (j)(2), and 667.8, subdivision (b).  Otherwise, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____

J.

We concur:

MILLER_____

Acting P. J.

SLOUGH_____

J.

12