Filed 7/15/21  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ERIC RAPHAEL PEREZ,

    Defendant and Appellant.

E076650

(Super.Ct.No. RIF1200559)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Eric Raphael Perez, in pro. per.; and Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Eric Raphael Perez pled guilty to attempted murder without premeditation and deliberation (Pen. Code,[1] §§ 664, 187, subd. (a), count 1),[2] discharging a firearm at an inhabited dwelling (§ 246, count 2), and robbery (§ 211, count 3). He also admitted he committed counts 1 and 3 for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(A).) A trial court sentenced him to 25 years in state prison.

Defendant subsequently filed an in propria persona "motion to correct [the] erroneous sentence," which the court denied.

Defendant filed a timely notice of appeal. We affirm.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with attempted murder with premeditation and deliberation (§§ 664/187, subd. (a), count 1), discharging a firearm at an inhabited dwelling (§ 246, count 2), robbery (§ 211, count 3), threatening a witness (§ 140, count 4), and participating in a criminal street gang (§ 186.22, subd. (a), count 5). As to counts 1 through 4, the complaint alleged that he committed the offenses for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(A).) As to counts 1 and 2, the complaint alleged that he personally used a firearm, within the meaning of sections

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] We observe the parties refer to first and second degree attempted murder, but note that " '[a]ttempted murder is not divided into different degrees.' " (*People v. Dennis* (2020) 47 Cal.App.5th 838, 853.)

12022.53, subdivision (c), and 1192.7, subdivision (c)(8), and sections 667 and 1192.7, subdivision (c)(8), respectively.

Pursuant to a plea agreement, defendant pled guilty to attempted murder without premeditation and deliberation in count 1. He also pled guilty to counts 2 and 3. He admitted the gang enhancements as to counts 1 and 3. In exchange, the court sentenced him to the upper term of nine years on count 1, plus 10 years on the enhancement, one-third the midterm of one year eight months on count 2, and one-third the midterm of one year on count 3, plus one-third the midterm of three years four months on the gang enhancement, for a total of 25 years in state prison. The court dismissed the remaining counts and enhancements.

Defendant subsequently filed a handwritten "motion to correct [the] erroneous sentence." He argued his sentence should be corrected to stay the sentence on count 3 under sections 1170.1, subdivision (f), and 654, stay the gang enhancements on counts 1 and 3 under *Apprendi v. New Jersey* (2000) 530 U.S. 466, *Blakely v. Washington* (2004) 542 U.S. 296, *Cunningham v. California* (2007) 549 U.S. 270, and *In re Winship* (1970) 397 U.S. 358, and vacate the upper term on count 1 and impose the middle term, which he claimed was the statutory maximum. The court denied the motion.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting

forth a statement of the case, and identifying two potential arguable issues: (1) whether the court imposed an unauthorized sentenced by failing to stay the gang enhancement on count 3 under section 654; and (2) whether defendant received ineffective assistance of counsel because of counsel's failure to raise the section 654 issue at the time of his change of plea.

While we understand that the appellate review procedures under *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review. (See generally *Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."].) Because the potential issues raised are the same or similar to the ones raised in defendant's personal supplemental brief (see *post*), we exercise our discretion to conduct an independent review of the record.

We have now conducted an independent review of the record and find no arguable issues.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. He filed a brief, in propria persona, which raises the same or similar issues he raised in his "motion to correct [the] erroneous sentence." He argues that he could not be sentenced to the upper term on count 1 and the gang enhancements without facts being found true beyond a reasonable doubt under *Cunningham v. California*, *supra*, 549 U.S. 270. He further contends that a sentence cannot be elevated above the statutory

4

maximum without jury findings under *Apprendi v. New Jersey*, *supra*, 530 U.S. 466 and *Blakely v. Washington*, *supra*, 542 U.S. 296. He concludes that his sentence was "clearly unauthorized."

We observe that "[t]he negotiated plea agreement, which results in the waiver of important constitutional rights, 'is an accepted and integral part of our criminal justice system.'" (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80.) When a guilty plea is entered in exchange for specified benefits, such as dismissal of other counts or a maximum sentence, both parties must abide by the terms of the plea bargain. (*Id*. at p. 80.) Additionally, just as a defendant may affirmatively waive constitutional rights as part of the agreement, a defendant may also waive the right to appeal. (*Ibid*.) " '[A]n express waiver of the right of appeal made pursuant to a negotiated plea agreement is valid provided defendant's waiver is knowing, intelligent and voluntary.' " (*People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 400.)

Defendant initialed a paragraph in the plea agreement, which reads: "As part of this plea, I do waive any right to appeal that I may have." Thus, he executed a written waiver of his appellate rights, and nothing in the record suggests he did not understand or knowingly waive them.

Furthermore, defendant waived the right to raise his claims by entering the plea agreement for a specified sentence. As the California Supreme Court explained in *People v. Hester* (2000) 22 Cal.4th 290: "Where the defendants have pleaded guilty in return for a *specified* sentence, appellate courts will not find error even though the trial court acted in excess of jurisdiction in reaching that figure, so long as the trial court did not lack

5

*fundamental* jurisdiction.  The rationale behind this policy is that defendants who have received the benefit of their bargain should not be allowed to trifle with the courts by attempting to better the bargain through the appellate process."  (*Id*. at p. 295.)  By entering his plea and accepting the agreed-upon 25-year prison sentence, defendant implicitly waived any right to challenge his sentence.  (*Ibid*.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS _____
                                                                                    J.


We concur:


CODRINGTON _____
                Acting P. J.


SLOUGH _____
                J.

6