Filed 12/5/23  P. v. Voskanyan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B328287 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA098879) |
| v. | |
| ROBERT VOSKANYAN, | |
| Defendant and Appellant. | |

THE COURT:

Robert Voskanyan (defendant) filed a timely notice of appeal following his entry of a plea of no contest to one count of receiving a stolen vehicle.  (Pen. Code, § 496d.)[1]  He also admitted to a prior conviction for carjacking (§ 1170.12), which constituted a prior "strike" under California's "Three Strikes" law (§ 667). Defendant was sentenced to a total of 32 months in state prison.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

Following defendant's notice of appeal, the trial court granted a certificate of probable cause.

We appointed counsel to represent defendant for this appeal. Counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and asked this court to independently review the record to determine whether any arguable issues exist.

On September 25, 2023, we sent a notice to defendant advising him that he had 30 days in which to personally submit any contentions or issues which he wished us to consider; defendant filed a supplemental brief on October 6, 2023.

Finding no arguable issues, we affirm.

## DISCUSSION

### I. Defendant's Arguments

Defendant's supplemental brief raises three arguments, all of which are unavailing.

Notwithstanding the fact that he entered a plea of no contest, defendant's first argument appears to attack the sufficiency of evidence supporting the charged offense.[2] But "'[b]y pleading guilty, a defendant admits the sufficiency of the evidence establishing the crime, and is therefore not entitled to a review on the merits.' [Citations.]" (*People v. Hunter* (2002) 100 Cal.App.4th 37, 42; see also *People v. Cisneros-Ramirez* (2018) 29 Cal.App.5th 393, 406 [""[O]btaining a certificate of

---

[2] Among other things, defendant argues that because there is "reasonable consent [*sic*] that" the value of the stolen vehicle did not exceed $950, he is "entitle[d] to have his . . . conviction reduce[d] to a misdemeanor or to be retried for a felony conviction under proper legal theory[,]" and that "substantial evidence support[s] [defendant's] claim of mistake of fact" regarding the ownership of the stolen vehicle.

probable cause does not make cognizable those issues which have been waived by a plea of guilty'" [Citation.]"] and § 1016, subd. (3) ["The legal effect of" a plea of no contest "shall be the same as that of a plea of guilty for all purposes"].)

Second, defendant contends that his appointed trial counsel "failed to investigate" "how [the owner of the stolen vehicle] regist[ered] the car [*sic*]" with the Department of Motor Vehicles "when [the owner] did not have the car [*sic*] or pink-slip in his pose[ss]ion[,]" an issue that defendant asserts "will ex[o]n[e]rate" him.[3]  To the extent that defendant is attempting to raise an argument based on his constitutional right to effective assistance of counsel, his argument fails.

"An ineffective assistance claim requires a showing that counsel's performance fell below an objective standard of reasonableness and that defendant was prejudiced by the deficient performance.  [Citation.]  To establish prejudice based on incompetent advice regarding whether to plead guilty, the defendant must show 'a reasonable probability that, but for counsel's incompetence, [he] would not have pleaded guilty and would have insisted on proceeding to trial.'  [Citation.]"  (*People v. Dillard* (2017) 8 Cal.App.5th 657, 668.)  Defendant's claim falls short of both requirements.  Counsel's alleged failure to investigate how the owner of the stolen vehicle subsequently registered it does not render his performance unreasonably deficient.  Nor is it reasonably probable that an accounting of the registration process would have prompted defendant to reject a

---

[3]     The stolen vehicle was a motorcycle, not a car.

plea deal and take the case to trial, especially given the incriminating facts in the record at the time of his plea.[4]

Lastly, defendant asks us to grant resentencing relief per section 1170.18, which provides that "[a] person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . [and] request resentencing[.]"  (§ 1170.18, subd. (a).)

However, section 1170.18 provides an exclusive procedure for defendants seeking retroactive relief:  A defendant who believes that he qualifies for relief may file a petition with the sentencing court for his felony conviction to be recalled and resentenced as a misdemeanor.  (*Ibid.*)  We may not consider defendant's arguments in favor of resentencing until the trial court has had an opportunity to rule on them via this procedure. (*People v. DeHoyos* (2018) 4 Cal.5th 594, 597 ["[R]esentencing is available . . . only in accordance with the statutory resentencing procedure in . . . section 1170.18"].)

From defendant's supplemental brief, it seems that he has already filed a petition with the trial court.  If the trial court ultimately denies that petition and defendant believes that denial to be in error, he may file another appeal at that time.

## II.    Independent Review

In addition to considering defendant's contentions of error we have also conducted our own independent examination of the record.  Having done so, we are satisfied that defendant's

---

[4]    Among other things, the record indicates that, upon being questioned by police, "defendant made multiple spontaneous statements stating that he knew the [vehicle] was stolen."

4

attorney on appeal has complied with the responsibilities of counsel and that no arguable issue exists. (*Wende, supra,* 25 Cal.3d at p. 441; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278–282; *People v. Kelly* (2006) 40 Cal.4th 106, 122–124.)

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.